BEN WAGNER
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR. NO. S-02-449-WBS |
| Plaintiff, | ) | |
| v. | ) | |
| RAYMELL LAMAR EASON, | ) | |
| | ) | |
| Defendant. | ) | |

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR. NO. S-12-241-LKK |
| Plaintiff, | ) | |
| v. | ) | |
| RAYMELL LAMAR EASON, and | ) | MOTION TO RELATE CASES AND |
| KEITH LAMONT SMITH, | ) | PROPOSED ORDER |
| Defendants. | ) | |

Under Local Rule 83-123(3) & (4), the United States hereby notifies the Court of the filing of a related case and the United States further moves that the case be related.

In 2002, an Indictment was filed initiating case number CR. S-02-449-WBS against Eason. This matter, CR. 02-449, was assigned to the Hon. William B. Shubb. Under the Indictment, on 1/22/2003, Eason pled guilty to Count 1 (possession with intent to distribute cocaine base). Eason received a 94 month jail term followed by 5 years supervision.

1

On 7/22/2009, Eason began his supervision under Judge Shubb and the EDCA US Probation Office.

On 4/20/2012, in CR. 02-449, Judge Shubb issued a "Petition for Warrant or Summons for Offender under Supervision" against Eason for his alleged involvement in a 4/17/2012 armored car robbery in Sacramento, California.

On 6/28/2012, Eason was charged by Indictment[1] with the armored car robbery (a violation of 18 USC 1951(a) – interference with commerce by robbery).

On 6/25/2012, during Eason's first appearance before Judge Shubb on the supervision violation petition, the United States indicated that, pursuant to this court's local rules requiring relation to the earliest filed matter, the United States would – upon Indictment – file a motion and proposed stipulation to relate cases. Defense counsel for Eason, Michael Bigelow, acknowledged the matters' relation under local rule.

The United States submits that the latter case (the armored car robbery charged by Indictment in Cr. 12-241) should be related to the first case against Eason, Cr. 02-449 (in which there is presently a supervision violation petition for the same armored car robbery). The proof in each case involves similar victims, similar

---

[1] In addition to Eason, the 6/28/2012 Indictment charged Keith Lamont Smith with aiding and abetting the 4/17/2012 armored car robbery. Like Eason, Smith is also a federal felon on EDCA supervision. In 2004, an Indictment was filed initiating case number CR. S-04-132-LKK against Smith. This matter resulted in Smith's conviction as charged in the single count Indictment (violation of 18 USC 922(g)(1) – felon in possession of a firearm). On 8/23/2005, Smith pled guilty and, on 11/1/2005, Smith received a 70 month jail term followed by 3 years supervision. On 7/21/2009, Smith began his EDCA supervision.

witnesses, related/associated law enforcement personnel, and related factual background.  Further, the charges stem from and relate to similar investigation conduct.

Accordingly, relation of the latter case against Eason (Cr 12-241) with the case already before the previously assigned judicial officer (Judge Shubb in Cr 02-449) would help victims, law enforcement, and witnesses deal with prosecution and judicial burdens.  In addition, relating the latter Eason matter Cr 12-241 with the EARLIER case against Eason, Cr 02-449 would be efficient for the U.S. Probation Office.  Moreover, consistent with Local Rule 83-123, the Cr 02-449 case against Eason predates the Cr 04-132 case against Smith.

Dated: 7/2/2012

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Michelle Rodriguez
MICHELLE RODRIGUEZ
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br>RAYMELL LAMAR EASON,<br><br>        Defendant.<br>_____ | CR. NO. S-02-449-WBS |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br>RAYMELL LAMAR EASON, and<br>KEITH LAMONT SMITH,<br>        Defendants.<br>_____ | CR. NO. S-12-241-LKK<br><br>ORDER |

**<u>RELATED CASE ORDER</u>**

Examination of the above-captioned matter, CR. NO. S-12-241, and the EARLIER criminal action in CR. NO. S-02-449 reveals that the actions are related within the meaning of Local Rule 83-123. The actions involve similar transactions, including as to victims and witnesses, and would therefore entail a substantial duplication of labor if heard by different judges. Accordingly, the assignment of the matters to the same judge is likely to effect a substantial

savings of judicial effort and is also likely to be convenient for the parties.

The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that the actions are assigned to the same judge. No consolidation of the actions is effected. Under the regular practice of this court, related cases are assigned to the judge to whom the first filed action was assigned.

IT IS THEREFORE ORDERED that the action denominated CR. NO. S-12-241 is reassigned to Judge Shubb, for all further proceedings. Henceforth, the caption on documents filed in the reassigned case shall show the initials "WBS" instead of the other jurist's initials.

IT IS FURTHER ORDERED that the clerk of the Court make appropriate adjustment in the assignment of criminal cases to compensate for this reassignment.

DATED: July 2, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE